UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEFFREY R. WILSON** | **:** | **DOCKET NO. 6:23-cv-953** |
| REG. # 95366-509 | | **SECTION P** |
| **VERSUS** | **:** | **JUDGE SUMMERHAYS** |
| **USA, ET AL** | **:** | **MAGISTRATE WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Jeffrey R. Wilson on July 14, 2023. Doc. 1. At the time of filing, Wilson was an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Center at Coleman, Florida. Petitioner has since been released from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons set forth below, **IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

### I.
#### BACKGROUND

Wilson filed the instant petition on July 14, 2023, arguing that the BOP failed to credit him for time served while awaiting federal sentencing. Doc. 1. While this matter was pending, petitioner was released from custody. *See* https://www.bop.gov/inmateloc.

## II.
### LAW & APPLICATION

Petitioner's release from custody during the pendency of this proceeding renders his claim moot. See *Belasco v. Warden*, 156 F. App'x 671 (5th Cir. 2005). Dismissal on that basis is recommended.

## III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 14th day of December, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE